UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOBOYD U. GIBSON., No. 10999-042,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN LILLARD<br><br>　　　　Respondent. | Case No. 25-cv-997-JPG |

**MEMORANDUM AND**
**ORDER FOR SERVICE OF PROCESS**

This matter comes before the Court on petitioner Joboyd U. Gibson's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois ("FCI-Greenville"), where the respondent is the warden. The petitioner is challenging the computation of his sentence, including whether he has been properly awarded time credits under the First Step Act of 2018, Pub. L. 115-391, § 101, 132 Stat 5194, 5198 (2018) (codified at 18 U.S.C. § 3632(d)(4)).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In September 1999, the petitioner was sentenced in the United States District Court for the Northern District of Mississippi to serve 60 months in prison for one count of conspiring to make false statements to a federally licensed firearms dealer in connection with the acquisition of firearms

in violation of 18 U.S.C. § 371 and 180 months in prison for one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922. *United States v. Gibson*, No. 1:98-cr-120 (N.D. Miss.). The sentences were to run concurrently. It appears that, while in prison, he was later convicted of one count of aiding and abetting the possession of contraband in prison and one count of possessing a prohibited object in prison, both in violation of 18 U.S.C.§ 1791(a)(2). He was sentenced to serve 3 months and 15 days in prison. It is not clear from the petition and its exhibits where or when this conviction occurred. The petitioner is currently incarcerated at USP-Greenville with a projected release date of October 22, 2026. *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited July 2, 2025).

       He claims that the BOP has incorrectly calculated his release date because it refuses to award him First Step Act credits. Gibson seeks credits from the First Step Act's new source for potential time credits an inmate may earn toward earlier release from his sentence of incarceration. That new source of sentence credits was created by § 101(a) of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, 5196 (2018) (codified at 18 U.S.C. § 3632). It provides, in pertinent part, that a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities shall earn 10 days of time credits for every 30 days of participation and possibly another 5 days if they have been a minimum or low risk for recidivating for two consecutive recidivism assessments. 18 U.S.C. § 3632(d)(4)(A). The statute excludes from eligibility for such sentence credits a prisoner who is serving a sentence for certain convictions listed in the statute. 18 U.S.C. § 3632(d)(4)(D). A conviction for a crime under 18 U.S.C. § 1791 is listed as a disqualifying offense. 18 U.S.C. § 3632(d)(4)(D)(xxix).

       Gibson complains that the BOP refuses to award him those FSA credits. He believes he is being punished multiple times for the same conduct by losing good time credit from a disciplinary proceeding, being convicted in court, and being refused FSA credits, all in violation of the Fifth

Amendment's Double Jeopardy Clause.  He further complains that when he received his incident report, the FSA was not in effect, implicating his due process rights.  He also suggests BOP's decision was based on a policy statement, not a statute.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  This includes claims for improper sentence computation under 18 U.S.C. §§ 3584 and 3585.  *See Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018).  Thus, the petitioner's claims are properly raised in this § 2241 petition.  Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief.  Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **August 8, 2025**.  This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 14 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  July 8, 2025**

                                                        s/ J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **DISTRICT JUDGE**