UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOBOYD U. GIBSON,<br>No. 10999-042,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN LILLARD,<br><br>  Respondent. | Case No. 25-cv-00997-JPG |

## MEMORANDUM AND ORDER

This case is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner, Joboyd Gibson, filed his petition on May 19, 2025. Gibson challenges the calculation of his sentence and argues that he has been unjustly denied time credit under the First Step Act ("FSA"), 18 U.S.C. § 3632. On August 8, 2025, Respondent Warden Lillard filed a response opposing the petition (Doc. 11). Lillard argues that Gibson is ineligible for time credit.

**I.   BACKGROUND**

On March 18, 1999, Gibson pled guilty to one count of conspiracy to make false statements and representations to a federally licensed firearms dealer in connection with the acquisition of firearms and one count of being a felon in possession of a firearm. He was subsequently sentenced to 60 months and 120 months on each count, respectively, to be served consecutively for a total of 180 months. While in prison, Gibson has been convicted of two additional crimes. First, on March 28, 2016, he pled guilty to one count of aiding and abetting possession of contraband in prison. He was sentenced to an additional 3 months and 15 days. Second, on November 19, 2021, he pled guilty to one count of possession of a prohibited object

in prison and was sentenced to an additional 4 months. Both sentences were to be served consecutively to his original sentence. Gibson is currently incarcerated at FCI-Greenville with a projected release date of October 22, 2026. *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Jan. 5, 2026).

## II.   ANALYSIS

As the Court noted in its preliminary review of Gibson's petition, the FSA created a new source for potential time credits an inmate may earn toward earlier release from his sentence of incarceration. Congress tasked the Attorney General with developing the FSA time credit program and the Bureau of Prisons ("BOP") with administering it. 18 U.S.C. §§ 3621(h) & 3631. That new source of sentence credits, § 101(a) of the FSA, Pub. L. 115-391, 132 Stat. 5194, 5196 (2018) (codified at 18 U.S.C. § 3632), provides, in pertinent part, that a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities will earn 10 days of time credits for every 30 days of participation and may earn another 5 days if they have been a minimum or low risk for recidivating for two consecutive recidivism assessments. 18 U.S.C. § 3632(d)(4)(A). However, an inmate who "is serving a sentence for a conviction" of "providing or possessing contraband in prison" in violation of 18 U.S.C. § 1791 is not eligible for these FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxix).

Gibson complains that the BOP unjustly denied him time credit under the FSA. His petition argues that he is entitled to time credit for six reasons: (1) Congress intended that the FSA allow all prisoners to earn time credit but the BOP edited the law and added criteria; (2) it violates the Double Jeopardy Clause for him to receive three punishments (incident report, conviction, and not earning time credit) for the same conduct; (3) he is being treated unfairly

because he has been housed with inmates in the same situation as him that receive time credit; (4) his incident involved possession of a cell phone, which is not illegal, and is only a rule violation; (5) on the incident report, he pled guilty to having a number in a cell phone, not possessing a cell phone; and (6) he never received time credit even though his first incident report occurred before the FSA was in effect.

      The Court starts by finding that the BOP correctly denied Gibson's request for FSA time credit on his sentence. Gibson is currently serving three sentences, all to be run consecutively. Pursuant to 18 U.S.C. § 3584(c), the BOP treats Gibson's terms as a single, 187-month, 15-day term of imprisonment. Gibson's sentence includes two convictions for possession of prison contraband in violation of 18 U.S.C. § 1791, offenses that are specifically excluded from receiving good time credit. And as this Court held in *Whitfield v. Sproul*, when a prisoner is serving a sentence for an offense that is explicitly excluded from receiving time credit, his entire sentence is ineligible. No. 3:23-CV-02687-JPG, 2024 WL 4434086, at *2 (S.D. Ill. Oct. 7, 2024). Put simply, one bad apple spoils the barrel. *Id.* As such, the BOP properly concluded that Gibson is ineligible to receive time credit.

      The six arguments that Gibson makes in his petition do not change the outcome. The Court will address each in order. His first argument is that Congress intended the FSA to allow all prisoners to earn time credit. This argument must be rejected. In 18 U.S.C. § 3632(d)(4)(D), Congress specifically listed numerous convictions that make a prisoner ineligible from receiving time credit. The plain text of the statute makes it clear that Congress did not intend for every prisoner to earn time credit. Gibson's second argument is that he has been punished three times for the same offense which violates the Double Jeopardy Clause of the Fifth Amendment.

3

However, it is well settled that "prison discipline does not preclude a subsequent criminal prosecution or punishment for the same acts." *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994); *United States v. Morales*, 312 F. App'x 823, 824 (7th Cir. 2009).

His third argument is that he has been housed with inmates in the same situation as him, but they receive time credit. Even if the Court accepted this claim as true, Gibson would still not be entitled to the relief that he seeks. His sentence includes a disqualifying conviction, which makes his entire sentence ineligible from earning time credit. The BOP correctly determined that he is ineligible. The fact that the BOP may have made errors in calculating the sentences of other inmates does not make Gibson eligible to receive time credit. His fourth argument is that he should not be excluded from receiving time credit because his incident report was based on the possession of a cell phone, which is not a crime, and is just a rule violation. But the possession of a cell phone in prison is a crime. *See* 18 U.S.C. § 1791 (making it a misdemeanor for an inmate of a prison to possess "a phone or other device used by a user of commercial mobile service . . . in connection with such service").

Gibson's last two arguments are related to his prison disciplinary proceedings. He argues that he only pled guilty to having a number in a cell phone, not for possessing a cell phone, and he never received time credit even though his first incident report occurred before the FSA was in effect. It is unclear what exactly Gibson is challenging in these arguments. He fails to identify the specific incident report he is talking about, and he does not provide any further argument or details. To the extent that he is challenging the process of the prison disciplinary proceedings, he fails to state a claim. Due process imposes four requirements in prison disciplinary proceedings. There must be:

> (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (citing *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)). Gibson does not make any allegation that a requirement of due process was not met. Further, even if the prison disciplinary proceedings did violate due process, Gibson would not be entitled to the relief that he seeks. The reason Gibson is not eligible to receive time credit is due to his criminal conviction under 18 U.S.C. § 1791, not due to any prison disciplinary proceedings. Therefore, a defect in the disciplinary proceedings would not entitle him to receive time credit.

### III.   CONCLUSION

The Court finds that Gibson's sentence is ineligible for time credit under the FSA. As such, it DENIES Petitioner Joboyd Gibson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) and DIRECTS the Clerk of Court to enter judgment accordingly.


**IT IS SO ORDERED.**
**DATED**:  January 5, 2026

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
